UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JASON DOVER**, *et al.*,<br><br> Plaintiffs,<br><br>v.<br><br>**YANFENG US AUTOMOTIVE INTERIOR SYSTEMS, LLC, *et al.*,**<br><br> Defendants. | Case No. 2:20-cv-11643<br><br>**AMENDED ORDER REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 76)** |

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement. Plaintiffs sued Defendants for alleged breaches of fiduciary duties related to the management of the Yanfeng Automotive Interior Systems Savings and Investment 401(k) Plan in violation of the Employee Retirement Income Security Act of 1974.

The parties have presented for the Court's approval a Settlement Agreement concerning the claims remaining in this case.[1] The Court, having reviewed the Agreement and heard the parties' presentations, now enters these findings and conclusions:

**1. Jurisdiction:**   The Court has jurisdiction over the subject matter of the complaint and over the settling parties.

---

[1] Certain other defendants named in the Complaint have already been dismissed from the case by stipulation between the Parties.

**2. Class Members:** For settlement purposes only, the class is defined as:

> All participants and beneficiaries of the Yanfeng Automotive Interior Systems and Investment 401(k) Plan from January 1, 2018 through October 13, 2022, the date of the original order granting preliminarily approval.[2]

**3. Class Representatives and Class Counsel:**

For settlement purposes only, Jason Dover, Eric Simpson, and Steven Leggett are preliminarily certified as Class Representatives. Edelson Lechtzin LLP and Fink Bressack LLP are appointed as Class Counsel.

**4. Conditional Class Certification:** For settlement purposes only, the Court preliminarily finds that this lawsuit satisfies the requirements for class action treatment under Fed. R. Civ. P. 23(b)(1), namely:

- The Class Members are estimated to number around 9,000 and are therefore so numerous that joinder of all of them is reasonably impracticable;

- There are questions of fact and law related to management of the retirement plan common to the Class Members, which predominate over any individual questions;

- The claims of the Class Representatives arise from the same

---

[2] The original Order contained a clerical error regarding its date of entry. This Amended Order has been entered only to correct that error and otherwise contains no changes.

course of conduct that gives rise to the claims of the Class
Members, based on the same legal theories, and are therefore
typical of the Class Members' claims;

- The Class Representatives, who participated in the
  retirement plan, and Class Counsel have adequately
  represented and protected the Class Members' interests; and

- Prosecuting separate actions by or against individual class
  members would create a risk of adjudications with respect to
  individual class members that, as a practical matter, would
  be dispositive of the interests of the other members not parties
  to the individual adjudications or would substantially impair
  or impede their ability to protect their interests.

Accordingly, the Court conditionally certifies the class.

**5. Preliminary Class Certification:** Factors the Court must
consider in determining whether the settlement is fair, adequate, and
reasonable include: (1) the risk of fraud or collusion; 2) the complexity,
expense and likely duration of the litigation; (3) the amount of discovery
engaged in by the parties; (4) the likelihood of success on the merits; (5)
the opinions of class counsel and class representatives; (6) the reaction of
absent class members; and (7) the public interest. *Vasalle v. Midland
Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013) (quoting *UAW v. Gen.
Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2013)).

After considering the terms of the Agreement, and the parties'

representations about the extent of discovery, negotiations, and the plan for allocating the settlement to Class Members, the Court preliminarily approves the settlement, finding that the Agreement is fair, reasonable, adequate, and in the best interests of the Class Members. *See* Fed. R. Civ. P. 23(e). This finding and approval are subject to further consideration at the Final Fairness Hearing.

**6. Settlement Administrator:** At the parties' suggestion, the Court approves Angeion Group as the Settlement Administrator responsible for carrying out the duties set forth in the Settlement Agreement. The Settlement Administrator shall be bound by the Stipulated Protective Order (ECF No. 73), and any further written non-disclosure or security protocols jointly required by the parties. The Settlement Administrator will use the data provided by Defendants and the Plan's recordkeeper for the sole purpose of meeting its obligations as Settlement Administrator. Class Counsel shall have the right to approve any written protocols regarding data storage and disposal.

**7. Class Notice**: The Parties have presented to the Court a proposed Notice regarding the Settlement and a plan for mailing the Notice to Class Members. The Court approves the Notice, finding that it fairly and adequately:

- Summarizes the claims asserted;
- Describes the terms and effect of the settlement;
- Notifies Class Members that Class Counsel will seek

compensation from the Settlement Fund for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

- Gives notice to Class Members of the Time and Place for the Final Approval Hearing and Class Members' right to appear; and

- Describes how the Class Members may object to the Settlement and any requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation.

The Court further approves the mailing plan, finding that first-class mailing of the contents of the Proposed Notice to Class Members complies fully with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

As outlined in the Settlement Agreement, the Settlement Administrator will send Notice by first class mail to each Class Member within forty-five calendar days of the date of this Order based on data provided by the Plan's recordkeeper. The Notices will be mailed to the last known address of each Class Member provided by the Plan's recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known. The Settlement Administrator shall use commercially reasonable efforts to locate Class Members whose Settlement Notices are returned and re-

mail such documents one additional time.

Additionally, before Notices are sent to Class Members, the Settlement Administrator will establish a settlement website and telephone support line. The Settlement Administrator will post a copy of the Settlement Notice on the settlement website.

**8. Objections to Settlement**: The Court will hear any objections to any aspect of the Settlement at the Final Fairness hearing, providing that they have been timely submitted to the Court, Class Counsel, and Defendants' Counsel. To be timely, the objections and any supporting documents must be post-marked and sent to the Court and the attorneys for the parties below no later than twenty-eight calendar days prior to the scheduled Final Approval Hearing:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court United States District Court for the Eastern District of Michigan Theodore Levin U.S. Courthouse 231 W. Lafayette B d. Detroit, MI 48226 | Eric Lechtzin Marc Edelson EDELSON LECHTZIN, LLP 411 S. State Street, Suite N-300 Newtown, PA 18940 Nathan J. Fink David H. Fink FINK BRESSACK 38500 Woodward Ave., Suite | Welsey Stockard Jaclyn R. Giffen Danielle K. Herring LITTLER MENDELSON, P.C. 3424 Peachtree Rd., N.E., Suite 1200 Atlanta, GA 30326 |

| | 350<br>Bloomfield Hills, MI<br>48304 | |

Class Members who wish to speak at the Final Fairness hearing concerning any part of the proposed settlement will file and serve a Notice of Intent to Appear at least ten days prior to the hearing.

**9. Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen calendar days before the Final Approval Hearing.  Plaintiffs shall file a Final Approval Motion at least fourteen calendar days before the Final Approval Hearing.

**10. Final Approval Hearing:**  A hearing will be held on February 22, 2023 to determine:

- Whether the Court should finally certify the proposed settlement class;
- Whether the Court should finally approve the settlement as fair, reasonable, and adequate;
- Whether the Court should approve any motion for Attorneys' Fees, Administrative Expenses, and Class Representative Compensation.

The Court reserves the right to adjourn, modify, or continue the Final Approval Hearing. The Settlement Administrator will provide notice to the Class Members of any scheduling changes via the Settlement

Website.

**SO ORDERED** this 25th day of October, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge