UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JASON DOVER, *et al.*,

               Plaintiffs,

     v.

YANFENG US AUTOMOTIVE
INTERIOR SYSTEMS, LLC, *et al.*,

               Defendants.

Case No. 2:20-cv-11643

Hon. Terrence G. Berg

Mag. David R. Grand

## PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND CERTIFICATION OF SETTLEMENT CLASS

Plaintiffs Jason Dover, Eric Simpson, and Steven C. Leggett (collectively, "Named Plaintiffs"), by and through Edelson Lechtzin LLP and Fink Bressack PLLC, respectfully move the Court for an Order and Final Judgment approving the Approval of the proposed Class Action Settlement, and for final certification of the Settlement Class. In support of this motion, Plaintiffs submit a Memorandum of Law, the Declaration of Eric Lechtzin, and exhibits to the Declaration.

Dated: February 8, 2023

/s/      *David Fink*
David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue
Suite 350
Bloomfield, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

Eric Lechtzin (Fed. Bar 62096PA)
Marc Edelson
EDELSON LECHTZIN LLP
411 S. State Street, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| JASON DOVER, *et al*.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>YANFENG US AUTOMOTIVE<br>INTERIOR SYSTEMS, I LLC, *et al*.,<br><br>                    Defendants. | Case No. 2:20-cv-11643<br><br>Hon. Terrence G. Berg<br><br>Mag. David R. Grand |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND CERTIFICATION OF SETTLEMENT CLASS**

David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue
Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

Eric Lechtzin (Fed. Bar 62096PA)
Marc Edelson
EDELSON LECHTZIN LLP
411 S. State Street
Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

*Counsel for Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................. v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ vi

I.   INTRODUCTION ........................................................................ 1

II. DISCUSSION ............................................................................. 2

    A.   Procedural History ..................................................... 2

    B.   Terms of the Settlement Agreement ............................... 3

    C.   Reasons for the Settlement ........................................ 4

    D.   Preliminary Approval .............................................. 5

    E.   Notice to the Class and the Lack of Objections .................. 5

III.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT ................................................................... 6

    A.   Standard of Review ................................................. 6

    B.   The Form and Methods of Notice Satisfy Rule 23 and Due Process ....... 14

    C.   Certification of the Settlement Class is Appropriate ............... 16

IV.   CONCLUSION ........................................................................ 21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997) ......................................................................... 16

*Aro Corp. v. Allied Witan Co.*,
  531 F.2d 1368 (6th Cir. 1976)......................................................... 13

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
  338 F.3d 755 (7th Cir. 2003)........................................................... 20

*Bublitz v. E.I. du Pont de Nemours & Co.*,
  202 F.R.D. 251 (S.D. Iowa 2001) ................................................... 20

*Foe v. Cuomo*,
  700 F. Supp. 107 (E.D.N.Y. 1988) ................................................. 15

*Granada Invs., Inc. v. DWG Corp.*,
  962 F.2d 1203 (6th Cir. 1992).......................................................... 13

*Griffin v. Flagstar Bancorp, Inc.*,
  2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) .............................. 10

*Hans v. Tharaldson*,
  2010 WL 1856267 (D.N.D. May 7, 2010)........................................ 16

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996)........................................................... 17

*In re Austrian and German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000)................................................. 8

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ......................................... 7, 12, 13

*In re CMS Energy Erisa Litig.*,
    225 F.R.D. 539 (E.D. Mich. 2004) ............................................................... 16, 19

*In re Glob. Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ...................................................................... 14

*In re Nortel Networks Corp. ERISA Litig.*,
    2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) ................................................. 16

*In re Telectronics Pacing Sys., Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001) .......................................................... 8, 12

*IUE-CWA v. Gen. Motors Corp.*,
    238 F.R.D. 583 (E.D. Mich. 2006) ................................................................ 7, 11

*Mezyk v. U.S. Bank Pension Plan*,
    2011 WL 601653 (S.D. Ill. Feb. 11, 2011) .................................................. 19, 20

*Moore v. Comcast Corp.*,
    268 F.R.D. 530 (E.D. Pa. 2010) ...................................................................... 16

*Moulton v. U.S. Steel Corp.*,
    581 F.3d 344 (6th Cir. 2009) ...................................................................... 5, 2, 7

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) ........................................................................................ 14

*Newby v. Enron Corp.*,
    394 F.3d 296 (5th Cir. 2004) ............................................................................ 9

*Rankin v. Rots*,
    220 F.R.D. 511 (E.D. Mich. 2004) ........................................................ 16, 17, 18

*Sheick v. Auto. Component Carrier LLC*,
    2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ................................................ 7, 9

*Shirk v. Fifth Third Bancorp*,
    2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) ................................................. 16

*Smith v. Provident Bank*,
　170 F.3d 609 (6th Cir. 1999).................................................................... 20

*United States v. Latham*,
　54 F. App'x 441 (6th Cir. 2002) ............................................................. 14

*Williams v. Vukovich*,
　720 F.2d 909 (6th Cir. 1983)................................................................... 11

**Statutes**

29 U.S.C. § 1104 ........................................................................................ 2

29 U.S.C. § 1132(a)(2) ............................................................................. 20

29 U.S.C. §§ 502(a)(2) & (3) ................................................................... 20

29 U.S.C. §§ 1109(a), 1132(a) ................................................................ 20

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.     Whether the Court should grant final approval of the Class Action Settlement Agreement.

2.     Whether the Court should grant final certification of the preliminarily certified class pursuant to Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2).

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Pursuant to Local Rule 7.1(c)(2), Plaintiffs list the following authority as the most appropriate for the relief sought in their motion:

- Fed. R. Civ. P. 23

- *Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009)

## I.  INTRODUCTION

Plaintiffs Jason Dover, Eric Simpson, and Steven C. Leggett (collectively, "Named Plaintiffs"), by and through their attorneys, respectfully move the Court for an Order: (1) granting final approval of the Class Action Settlement Agreement[1] ("Settlement" or "Settlement Agreement") described herein and preliminarily approved by the Court on October 25, 2022 (ECF No. 83); and (2) granting final certification of the Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or 23(b)(2).[2]

The Settlement, provides substantial monetary consideration to the Class, is an excellent result for the participants and beneficiaries of the Plan.[3] The Settlement was reached only after vigorous arm's-length negotiations by experienced counsel with assistance from a mediator, Jed Melnick of JAMS.

The Parties have fully complied with the terms of the Preliminary Approval Order, including providing notice of the Settlement to the Settlement Class,[4] and mailing the Class Action Fairness Act ("CAFA") notices to the requisite officials

---

[1] Capitalized terms not otherwise defined in this memorandum have the same meaning as ascribed to them in the Settlement Agreement, attached hereto as **Exhibit A** to the Declaration of Eric Lechtzin ("Decl." or "Declaration").

[2] On January 20, 2023, Named Plaintiffs filed their Motion for Awards of Attorneys' Fees, Reimbursement of Expenses, and Incentive Fees.

[3] The Yanfeng Automotive Interior Systems Savings and Investment 401(k) Plan ("Plan") is defined in paragraph B. of the Settlement Agreement.

[4] *See* Declaration of Kevin Flynn, attached to the Declaration as **Exhibit B**.

pursuant to the CAFA statute.[5] Under the governing standards for evaluating class action settlements in this Circuit, this Settlement is "fair, reasonable, and adequate," and Named Plaintiffs respectfully ask that the Court approve it. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 349 (6th Cir. 2009) (setting forth Rule 23's fairness standard).

## II. DISCUSSION

### A.    Procedural History

On June 22, 2020, a putative Class Action Complaint (the "Complaint") was filed in this Court against Yanfeng Automotive Interior Systems I LLC and various other defendants alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). ECF No. 1. The Complaint alleged that Defendants breached their fiduciary duties to the Plan and its participants in violation of 29 U.S.C. § 1104 by: (1) selecting and retaining certain funds in the Plan despite the availability of virtually identical or similar investment options with lower costs and/or better performance history; (2) failing to select the lowest cost share class for the funds within the Plan; (3) failing to monitor and control recordkeeping and other administrative fees; (4) hiring of advisor's that were dual registered, meaning that they were paid both by the Plan for their services and could also receive a commission from some of the various funds that they might recommend; (5) failing to disclose sufficient detail about certain revenue-sharing payments to the Plan's

---

[5] *See* Declaration of Kevin Flynn, attached to the Declaration as **Exhibit B**.

recordkeeper, Fidelity; and (6) failing to properly monitor the Policy Committee and the Investment Committee when the imprudent investment decisions were made.

Subsequently, on October 30, 2020, Class Counsel filed Plaintiffs' Amended Class Action Complaint ("ACAC") (ECF No. 24). After the filing of the ACAC, the parties engaged in motion practice, informal discovery, and extensive arms-length negotiations with the help of an experienced mediator, Jed Melnick of JAMS, in an effort to resolve the case. In order to evaluate the value of the claims asserted in the ACAC for negotiation purposes, Class Counsel retained a consulting expert who has extensive experience evaluating damages involving defined contribution retirement plans, to assess the losses to the Plan for alleged excessive recordkeeping fees and the selection and retention of imprudent investment options. Lechtzin Decl. ¶ 3. The negotiating process was thorough, adversarial and professional.

**B.    Terms of the Settlement Agreement**

The following summarizes the principal terms of the Settlement.

**1.    Monetary Consideration.** Defendants will contribute $990,000 (nine hundred ninety thousand dollars) to the Class.

**2.    Class.** The Settlement contemplates that the Court will certify a non-opt-out class under Fed. R. Civ. P. 23(b)(1) and/or (b)(2).

**3.    Released Claims.** Article 7 of the Settlement Agreement generally describes the Released Claims as claims brought by Plaintiffs or claims that could

3

have been asserted by Plaintiffs based upon the allegations in the instant Action. *See* §7, *et seq.*

**4.    Notice.** The Preliminary Approval Order entered on October 13, 2022 (ECF No. 81) provided for the following notices: (a) an emailed notice to be mailed to the last known email address of members of the Settlement Class with a follow up mailed notice to the last known mailing address if no email address; and (b) internet publication of the Settlement Agreement and Class Notice on www.YanfengErisaSettlement.com.

**5.    Attorneys' Fees.** By a separate application, Class Counsel seeks an award of attorneys' fees of $330,000, expenses up to $29,624.91 and a class representative Incentive Fee of $10,000 for each of the Named Plaintiffs. The Settlement Class was notified of these details in the Class Notice.

## C.    Reasons for the Settlement

Plaintiffs have entered into this proposed Settlement with an understanding of the strengths and weaknesses of their claims. This understanding is based on: (1) the anticipated motion practice undertaken by the Parties in the district court; (2) investigation and research; (3) the likelihood that Plaintiffs would prevail on their claims; (4) the likelihood that Plaintiffs would prevail at trial; (5) the range of possible recovery; (6) the substantial complexity, expense, and duration of litigation necessary to prosecute this action through trial, post-trial motions, and likely

appeals, and the significant uncertainties in predicting the outcome of this complex litigation; and (7) Defendants' determination to fight and contest every aspect of the case. Having undertaken this analysis, Class Counsel and Plaintiffs have concluded that the Settlement is fair, reasonable and adequate, and should be presented to the Court for approval.

## D.    Preliminary Approval

Class Counsel moved for preliminary approval of the Settlement Agreement on July 7, 2022 (ECF No. 74), and the Court entered the Preliminary Approval Order on October 13, 2022 (ECF No. 30), after holding a virtual proceeding on September 19, 2022 (ECF No. 81). In the Preliminary Approval Order, the Court found that the proposed Class met all the requirements of Rules 23(a) and (b), and preliminarily certified the Class pursuant to Rules 23(b)(1) and/or (2) and 23(e). The Court further appointed Named Plaintiffs Jason Dover, Eric Simpson, and Steven C. Leggett as the Class Representatives for the Settlement Class, and appointed Edelson Lechtzin LLP and Fink Bressack PLLC as Class Counsel for the Settlement Class.

## E.    Notice to the Class and the Lack of Objections

In paragraph 7 of the Preliminary Approval Order, the Court approved the form of the proposed Notice and set deadlines for mailing and publishing the Notice and for posting the Notice on the settlement website created and maintained for this litigation. (ECF No. 81). The Declaration of Kevin Flynn, Angeion Group

("Angeion"), attached to the Declaration as **Exhibit B** ("Angeion Declaration" or "Angeion Decl."), demonstrates compliance with this Court's Order for Class Notice. The Angeion Declaration attests to the mailing of more than 10,501 individual Notices to the Settlement Class, wherein January 25, 2023 was established as the deadline for objecting to the proposed Settlement and Plaintiffs' motion for attorneys' fees and other relief. Angeion Decl. ¶ 8. Further, Angeion established a dedicated telephone line for the Settlement Class. Angeion Decl. ¶ 7.

On November 23, 2022, Angeion also posted the Settlement Agreement, the Notice of Class Action Settlement, and the Preliminary Approval Order on the dedicated Settlement website, www.YanfengErisaSettlement.com, through which the Settlement Class could access Settlement-related information and materials. *See* Angeion Decl. ¶ 6. To date, there have been no objections to the Settlement. Angeion Decl. ¶ 8.

## III.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

### A.   Standard of Review

Plaintiffs respectfully request that the Court determine that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In evaluating whether a settlement is fair, reasonable and adequate, the following factors inform the court's inquiry:

(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Moulton*, 581 F.3d at 349 (citation omitted). Consideration of these factors aids in the determination of "whether the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003) (citing MANUAL FOR COMPLEX LITIG. § 30.42 at 238 (3d ed. 1995)).

When examined under the applicable criteria, each and every factor supports final judicial approval of the Settlement, which is an excellent result for the Class.

### 1. There Was and Is No Fraud or Collusion in the Settlement

"[C]ourts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Sheick v. Auto. Component Carrier LLC*, No. 2:09-CV-14429, 2010 WL 4136958, at *19 (E.D. Mich. Oct. 18, 2010) (citing *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). Approval is appropriate where "the Settlement was negotiated at arm's length" – *i.e.*, where there is no collusion or benefit to certain parties to the detriment of the class as a whole. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003).

As noted above, here the Parties engaged in extensive arm's-length negotiations through an experienced mediator, which were free of collusion. Following these extensive negotiations, the Parties reached an agreement.

7

**2.    The Complexity, Expense and Likely Duration of the Litigation Favor Settlement**

Courts must evaluate the complexity, expense and likely duration of litigation before approving a class action settlement. *See In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001) (stating: "This settlement also serves the laudable goal of eliminating the costs and time attendant to continued litigation."). "Generally speaking, '[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.'" *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d at 1013 (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). Given the expense, complexity and likely duration of this case, Plaintiffs recognized the possibility that the outcome of this litigation could not be predicted.

Litigating an ERISA case of this type on the merits is a substantial undertaking, with significant risks, expense, and delay. Defendants have forcefully defended their actions with respect to the Plan to date, and there is no reason to believe they would not continue to do so through trial and on appeal if necessary. The monetary consideration to the Class is far better for the Plans' participants than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.

### 3.   The Absence of Formal Discovery does Not Disfavor Settlement

The absence of formal discovery is not an obstacle to settlement approval so long as the parties sand the Court have adequate information in order to evaluate the relative positions of the parties. *See Sheick*, 2010 WL 4136958, at *19 (noting that "courts do not require formal discovery so long as the parties have adequate information in order to evaluate the relative positions") (quoting *Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004) ("Formal discovery [is not] a necessary ticket to the bargaining table.")).

In this case, prior to filing the initial Complaint, Class Counsel investigated the publicly available information concerning the Plan and investigated the facts underlying the claims in this action. Lechtzin Decl. ¶ 2. This investigation included reviewing Yanfeng's annual reports on Form 5500 and auditor's reports, as well as reviewing participants' account statements and interviewing Plan participants. *Id*. Class Counsel also reviewed extensive non-public materials concerning the Plan, over 5000 pages of documents which were produced by Defendants, including meeting agendas, meeting minutes, fiduciary reviews, fund analysis supplements, participant fee disclosures and §408(b)(2) disclosures. *Id*.

Thus, the "absence of formal discovery in this case in no way undermines the integrity of the settlement given the extensive investigation that has occurred as a result of proceedings thus far which demonstrates that counsel have a full

understanding of the strengths and weaknesses of their case." *See Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-CV-10610, 2013 WL 6511860, at *4 (E.D. Mich. Dec. 12, 2013).

### 4. The Likelihood of Success on the Merits Weighed Against the Consideration Offered in the Settlement Favors Approval

This factor considers "whether the relief offered in a settlement outweighs the plaintiffs' chances of ultimate success on the merits…" *Griffin*, 2013 WL 6511860, at *4. In making this determination, courts recognize "the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion." *Id.* This factor supports final approval.

As evidenced by the vigor with which they have prosecuted the ERISA Action, and the substantial amount of time and money they have expended to that end, Class Counsel believe strongly in their claims and the legal basis for them. However there is risk in any litigation, and this area of law – ERISA fiduciary duty class actions – is one of the most nuanced, unpredictable, and rapidly developing in ERISA jurisprudence. As a result, any prediction of success is far from reliable.

If this Settlement were not approved, a substantial amount of work would need to be completed, including the completion of fact and expert discovery, class certification briefing and argument, summary judgment briefing and argument, designation of witnesses and exhibits, preparation of pre-trial memoranda and

proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's inevitable appeal. Plaintiffs believe that their claims would be successful, but nonetheless are aware of the risks associated with proceeding to trial.

Moreover, Defendants are represented by highly experienced and competent counsel. In view of these potential obstacles to recovery, the Settlement payment of $990,000 should be regarded as a highly favorable recovery.

### 5. The Opinions of Experienced Counsel Weigh in Favor of Approval

Courts further recognize that the opinion of experienced, informed and competent counsel in favor of settlement should be afforded substantial consideration. *See Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs."); *IUE-CWA*, 238 F.R.D. at 597 ("The judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement.'"). As evidenced by their firm resumes attached as Exhibits D and E to the Declaration of Eric Lechtzin in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs, ECF No. 85, PageID.2850, Class Counsel have extensive experience in handling ERISA class action litigation cases.

11

Furthermore, Class Counsel have been able to develop the issues in this case to an appropriate point for settlement. They have conducted an extensive investigation, engaged an expert, and participated in extensive negotiations concerning the issues in this litigation. While there would be much more to be done to prepare the case for trial, Plaintiffs possess a comprehensive understanding of both the strengths and the weaknesses of their claims, and believe that the Settlement is fair, reasonable and is in the best interests of the Class. This opinion weighs heavily in favor of both preliminary and final approval of the Settlement.

### 6.    The Reaction of Absent Members of the Settlement Class

A certain number of objections are undoubtedly expected in a class action. *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. at 527. "Although the Court should consider objections to the settlement, the existence of objections does not mean that the settlement is unfair." *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d at 1018.

The adequacy and reasonableness of the Settlement Agreement is evidenced here by the fact that, following service of the Class Notice to approximately 10,501 members of the Settlement Class, not one individual has lodged an objection with the Court. Class Counsel have already spoken with numerous class members about the settlement. Lechtzin Decl. ¶ 8. In no case did a Class Member express any

objection to the settlement. Rather, the majority of Class Members expressed their gratitude for Class Counsel obtaining a recovery on their behalf. *Id*.

### 7. Public Interest Favors Settlement

Public policy favors settlement, especially in complex matters such as class actions alleging breach of fiduciary duties claims under ERISA. Indeed, the Sixth Circuit has expressly recognized the public interests served through compromise:

> Settlement agreements should … be upheld whenever equitable and policy considerations so permit. By such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before overburdened courts, and to citizens whose taxes support the latter. An amicable compromise provides the more speedy and reasonable remedy for the dispute.

*Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976).

Moreover, there is a public interest in settlement of disputed claims that would otherwise require substantial federal judicial resources. *See In re Cardizem CD Antitrust Litigation*, 218 F.R.D. at 530 ("[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources.") (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).

Here, there are no contravening public interest justifications sufficient to support deviating from the public interest served by settlement of this action, which

13

provides monetary consideration to the Class. This factor weighs strongly in favor of approval as well.

## B.      The Form and Methods of Notice Satisfy Rule 23 and Due Process

In accordance with the Preliminary Approval Order, the Settlement Class has been provided with ample and sufficient notice of this Settlement, including an appropriate opportunity to voice objections. The notice plan fully informed Settlement Class members of the lawsuit and the proposed Settlement and enabled them to make informed decisions about their rights. Angeion Decl. ¶ 5.

Due process requires that notice to class members be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). For the due process standard to be met, "it is not required that the [class member] receive actual notice" so long as class counsel acted reasonably in selecting means likely to inform persons affected. *Id.* at 444–45. To satisfy Rule 23, "[f]or non-opt out cases, such as the ERISA Actions, [all that is required is] such unspecified 'appropriate notice' as 'the court may direct[.]'" *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 448 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 23(c)(2)(A)). Here, the form and methods of notice

of proposed Settlement provided pursuant to the Preliminary Approval Order satisfy all due process considerations and Rules 23(c)(2) and (e)(1).

The emailed class notice provided to approximately 10,501 individual members of the Settlement Class detailed information about the Settlement, including: (1) a comprehensive summary of its terms; (2) notice of Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and a class representative Incentive Fee for Named Plaintiffs and (3) detailed information about the Released Claims. In addition, the notice provided information about the Fairness Hearing date, rights of members of the Settlement Class to object (and deadlines and procedures for objecting) and the procedure to receive additional information. Angeion Decl. ¶¶ 3, 5-7. The class notice provided members of the Settlement Class with contact information for Class Counsel, information on the toll-free phone number for inquiries and a website address for further information. *Id.* ¶ 5, Ex. A.

The notice form and methods employed here are substantially similar to those successfully used in many other ERISA class settlements and "fairly, accurately, and neutrally describe the claims and parties in the litigation[,]…the terms of the proposed settlement and the identity of persons entitled to participate in it." *Foe v. Cuomo*, 700 F. Supp. 107, 113 (E.D.N.Y. 1988), *aff'd,* 892 F.2d 196 (2d Cir. 1989). Accordingly, the notice provided to the Settlement Class amply satisfies the requirements of due process and Rule 23.

**C.  Certification of the Settlement Class Is Appropriate**

To proceed with the settlement approval process, it is necessary for the Court

to certify a class for Settlement. Federal Rule of Civil Procedure 23 provides that an

action may be maintained as a class action if each of the four prerequisites of Rule

23(a) is met and, in addition, the action qualifies under one of the subdivisions of

Rule 23(b). Courts across the country have determined that breach of fiduciary duty

claims under ERISA that are analogous to those at issue in this action are uniquely

appropriate for class treatment.[6] Furthermore, the Supreme Court has acknowledged

the propriety of certifying a class solely for settlement purposes. *See*, *e.g.*, *Amchem*

*Prod., Inc. v. Windsor*, 521 U.S. 591, 618 (1997). As set forth below, the Class easily

satisfies the requirements of Rule 23(a), (b)(1) and (b)(2) requirements and, thus,

certification of the settlement Class is appropriate.

---

[6] *See*, *e.g.*, *Hans v. Tharaldson*, No. CIV.3:05-CV-115, 2010 WL 1856267, at \*10 (D.N.D. May 7, 2010), *amended,* No. 3:05-CV-115, 2010 WL 4723008 (D.N.D. Aug. 27, 2010) (certifying under Rule 23(b)(1)(A) and 23(b)(1)(B)); *Moore v. Comcast Corp.*, 268 F.R.D. 530, 538 (E.D. Pa. 2010) (certifying under Rule 23(b)(1)(B)). *See also In re Nortel Networks Corp. ERISA Litig.*, No. 3:03-MD-01537, 2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) (certifying claims for breach of fiduciary duty under Rule 23(b)(1)); *Shirk v. Fifth Third Bancorp*, No. 05-CV-049, 2008 WL 4425535, at \*5 (S.D. Ohio Sept. 30, 2008) (same); *In re CMS Energy Erisa Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004) (same); *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004) (same).

### 1.   The Requirements of Rule 23(a) Are Easily Satisfied

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a)(1). Defendants have identified, and the Class Notice has been sent to approximately 10,501 members of the Settlement Class. *See* Angeion Decl. ¶¶ 3-5.

Under Rule 23(a)(2), a finding of commonality requires "only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996). In the instant case, members of the Settlement Class share multiple issues of law and fact, such as whether the fiduciaries of the Plan have failed to administer the Plan in accordance with ERISA.

Plaintiff must also show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23 (a)(3). The typicality requirement is met if the plaintiff's claim 'arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory." *Rankin*, 220 F.R.D. at 518. Plaintiffs' claims arise from the same course of events as the claims of the Settlement Class – Defendants' alleged failure to maintain the Plan in accordance with ERISA. Moreover, each member of the Settlement Class asserts the same claims arising from the same alleged conduct by Defendants and seeking the same relief on behalf of the Plan.

Rule 23(a)(4) requires that class representatives fairly and adequately protect the interests of the class they seek to represent. "[T]he Sixth Circuit appears to focus on the adequacy of plaintiff's counsel and whether plaintiff has a conflicting interest, not the personal qualifications of the named plaintiff." *Rankin*, 220 F.R.D. at 520. The "adequacy" test is easily met in this case, particularly in the context of the Settlement Class. The claims and interests of the Named Plaintiffs were congruent with those of the other members of the Settlement Class: all seek to improve the administration of the Plan, through monetary relief. There can be no question that the Named Plaintiffs' interests are aligned with those of the Settlement Class and that they have retained qualified counsel, and that they have satisfied the requirements of Rule 23(a).

### 2. The Class Satisfies the Requirements of Rule 23(b)(1) and (b)(2)

#### a. Individual actions would create inconsistent adjudications or be dispositive of the interests of absent class members

A class may be certified under Fed. R. Civ. P. 23(b)(1) if, in addition to meeting the requirements of Fed. R. Civ. P. 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interests of absent members. Fed. R. Civ.

P. 23 (b)(1)(A) & (B). Courts routinely certify ERISA classes under Rule 23(b)(1) for those very reasons.[7]

Moreover, the Advisory Committee on Rule 23 specifically noted that actions that "charge[] a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of ... beneficiaries" – *i.e.*, an action like the present action – "should ordinarily be conducted as class actions" under Rule 23(b)(1)(B). *See* Fed. R. Civ. P. 23 (b)(1)(B) Advisory Committee's Note (1966 Amendment). As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA Action.

### b.   Defendants have acted on grounds generally applicable to the Class and relief for the Class as a whole is appropriate

A class may be certified under Federal Rule of Civil Procedure 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, Plaintiffs allege that Defendants failed to comply with ERISA on

---

[7] *See In re CMS Energy Erisa Litigation*, 225 F.R.D. at 546. *See also Mezyk v. U.S. Bank Pension Plan*, No. 3:09-CV-384-JPG, 2011 WL 601653, at *9 (S.D. Ill. Feb. 11, 2011) (Rule 23(b)(1)(A) certification appropriate "to establish one single standard of conduct for the defendants' administration of [a defined benefit Plan"]" where participants sought "broad declaratory and injunctive relief" regarding whether plan provisions violated ERISA.).

a Plan-wide basis. The available remedies include monetary relief and remedial equitable relief to the Plan as a whole. ERISA §§ 502(a)(2) & (3), 29 U.S.C. §§ 502(a)(2) & (3).

Remedies under ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), are by definition plan-wide, a class example of equitable relief.[8] While the settlement includes monetary consideration to the Plan, that consideration is incidental to, and flows directly from, Plaintiffs' prayer for injunctive and declaratory relief.[9] Accordingly, Plaintiffs' claims are also properly certified under Rule 23(b)(2).

### 3. The Requirements of Rule 23(g) Are Met

Federal Rule of Civil Procedure 23(g) requires the Court to examine the capabilities and resources of Class Counsel. Class Counsel has explained the claims brought in this action, and the time and effort already expended in connection with

---

[8] *See, e.g.*, *Smith v. Provident Bank*, 170 F.3d 609, 616 (6th Cir. 1999) ("ERISA authorizes participants to sue on behalf of the plan for breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(2) … Permitting such suits by participants is the mechanism which Congress established to enforce the plan's right to recover for a breach of fiduciary duty." (citing 29 U.S.C. §§ 1109(a), 1132(a)).

[9] *Mezyk*, 2011 WL 601653, at *9 ("It is true that if such relief were awarded, class members may receive monetary benefits that would naturally flow from the award of declaratory or injunctive relief. However, that does not detract from the fact that the relief sought is predominantly declaratory or injunctive in nature."); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 259 (S.D. Iowa 2001) (same); *see also Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763–64 (7th Cir. 2003) (certifying Fed. R. Civ. P. 23(b)(2) class where ERISA plaintiffs sought declaratory relief).

this litigation. Moreover, Class Counsel are among the leading ERISA plaintiffs'

firms, and possess unparalleled expertise in the specific types of ERISA claims

brought in this lawsuit. Lechtzin Decl. ¶¶ 14-15. Thus, Class Counsel satisfy the

requirements of Rule 23(g).

## IV.  CONCLUSION

For the reasons discussed herein, Named Plaintiffs respectfully submit that

the Settlement should be granted final approval because it is a fair and reasonable

result when viewed against the governing standard. Moreover, the Settlement Class

meets all the requirements of Rule 23 and should be finally certified.

Dated: February 8, 2023                            Respectfully submitted,


                                                   */s/ David Fink*
                                                   David Fink (P28235)
                                                   Nathan Fink (P75185)
                                                   FINK BRESSACK PLLC
                                                   38500 Woodward Avenue
                                                   Suite 350
                                                   Bloomfield Hills, MI 48304
                                                   Tel: (248) 971-2500
                                                   dfink@finkbressack.com
                                                   nfink@finkbressack.com

Eric Lechtzin (Fed. Bar 62096PA)
Marc Edelson
EDELSON LECHTZIN LLP
411 S. State Street
Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

*Attorneys for Plaintiffs*

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2023, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification

of such filing to the following:

Wesley Stockard, Esq.
LITTLER
3424 Peachtree Rd, NE
Atlanta, GA 30326
Tel: (404) 443-3502
wstockard@littler.com

<u>*/s/ Nathan Fink*</u>
David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue
Suite 350
Bloomfield, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com